WILLIAM R. TAMAYO (CA Bar No. 084965)
JONATHAN T. PECK (VA Bar No. 12303)
CINDY O'HARA (CA Bar No. 114555)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone No. (415) 625-5653
Facsimile No. (415) 625-5657

Attorneys for Plaintiff
Equal Employment Opportunity Commission

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>VASQUEZ BROTHERS, INC., DBA CENTRAL COAST PACKING,<br><br>Defendant. | Civil Action No. C-05-3867 PVT<br><br>**CONSENT DECREE BETWEEN EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AND VASQUEZ BROTHERS, INC. dba CENTRAL COAST PACKING** |

Plaintiff Equal Employment Opportunity Commission ("Commission") filed this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of discrimination based on sex, and to provide appropriate relief to Maria Guadalupe Ceja whom the Commission alleged was adversely affected by such practices. The Commission alleged that Defendant Vasquez Brothers, Inc., dba Central Coast Packing ("Central Coast") subjected Ms. Ceja to unlawful harassment based on her sex, in violation of Title VII. Defendant has denied all of the above allegations and claims. The Commission and Defendant Central Coast now seek to resolve this action as to each other and as between Central Coast and Maria Guadalupe Ceja ("Charging Party") without further contested

litigation through the instant Consent Decree. This resolution does not constitute an admission of liability on the part of Central Coast, nor constitute a finding on the allegations stated in the Commission's Complaint.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves this Consent Decree.

THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

**GENERAL PROVISIONS**

1. This Court has jurisdiction over the subject matter and the parties to this action. This Court retains jurisdiction over this Consent Decree during its term.

2. This Consent Decree constitutes a full and final resolution of the Commission's claims against Central Coast in this action.

3. This Consent Decree will become effective upon its entry by the Court.

4. This Consent Decree is final and binding upon the parties to it, their successors and assigns.

5. The Commission and Central Coast will each bear its own costs and attorneys fees in this action.

**GENERAL INJUNCTIVE RELIEF**

6. Central Coast and its current officers, agents, employees, and all persons in active concert or participation with them will comply with all requirements of Title VII with respect to providing a work environment free from discrimination, including harassment on the basis of sex.

7. Central Coast and its current officers, agents, employees, and all persons in active concert or participation with them agree not to retaliate against the Charging Party, or any other employee or former employee, for having testified or participated in any manner in the Commission's investigation and the proceedings in this case.

**SPECIAL INJUNCTIVE RELIEF**

**Non-Discrimination Policies**

8. Within thirty (30) days of the entry of this Consent Decree, Central Coast

will distribute or redistribute copies of its sexual harassment policy to all workers in both English and Spanish, and will provide copies to all new and returning workers as they enter or re-enter the workforce.

**Training**

9. Central Coast will use an outside consultant, paid for by Central Coast, to train all employees in both the Salinas Valley in California and Yuma, Arizona concerning sexual harassment, once each year in each location (two trainings total per year) such year to be measured from the entry of this Consent Decree. The training will be introduced by a member of upper management for Central Coast in both locations.

**Record Keeping and Reports**

10. Within thirty (30) days after completing each training session described in paragraph 9, Central Coast will mail to counsel for the Commission a report containing the date of training, the name and position of the individual from upper management who introduced the training, an outline of the training content, a list of all attendees, and copies of all materials distributed at the training.

11. Once every six (6) months, to be measured beginning at the date of entry of this Consent Decree and continuing for the duration of this Consent Decree, Central Coast will notify the counsel for the Commission whether it has received any complaints of sexual harassment from its employees (whether said complaints were filed with an administrative agency or simply raised to a management official at the workplace), what steps were taken in response to that information, and how the situation was resolved.

**MONETARY RELIEF**

12. Central Coast will pay the sum of $42,000.00, to Maria Guadalupe Ceja as damages and in complete satisfaction of the Commission's claims against Central Coast as set forth in its Complaint. This sum will be paid by check directly to Ms. Ceja, and will be mailed to her in care of the Equal Employment Opportunity Commission, *Attention:* Maricela Medina, at 96 N. Third Street, San Jose, CA 95211. Said check will be

sent by Central Coast within fifteen (15) days of the filing of the Consent Decree.

**EXPIRATION OF CONSENT DECREE**

13.   This Consent Decree constitutes a full and final resolution of all the Commission's claims against Central Coast in this action. This Consent Decree will be in effect for three (3) years, and will expire at midnight of the date three (3) years after its entry by the Court, provided that Central Coast has substantially complied with the terms of this Consent Decree.  Central Coast will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that Central Coast has failed to comply with any of the terms of this Decree.

**E-filing concurrence:**   I, Cindy O'Hara, attorney for Plaintiff Commission, attest that I have obtained the concurrence of Lainie Cohen, attorney for Defendant Vasquez Brothers, Inc. dba Central Coast Packing for the lodging of this Consent Decree.

| On Behalf of Plaintiff Commission: | On Behalf of Defendants: |
|---|---|
| Dated: October 3, 2006 | Dated: October 3, 2006 |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | LERCH, STURMER, LLP |
| _____/S/_____<br>WILLIAM R. TAMAYO<br>Regional Attorney | _____/S/_____<br>LAINIE COHEN<br>Attorneys for Defendant Vasquez Brothers, Inc. dba Central Coast Packing |
| _____/S/_____<br>JONATHAN PECK<br>Supervisory Trial Attorney | |
| _____/S/_____<br>CINDY O'HARA<br>Senior Trial Attorney | |

**ORDER**

It is so ordered.

Dated: 10/5/06                                         _____
                                                              U.S. ~~District Court~~ Judge
                                                                    Magistrate